**IT IS SO ORDERED.**

**Dated:  September 22, 2025**



**Tiiara N.A. Patton**
**United States Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# Eastern Division

| | | |
|---|---|---|
| In re: | ) | Bankr. Case No.:  16-41638-tnap |
| | ) | |
| KELLY S. GORMAN, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Hon. Tiiara N.A. Patton |

| | | |
|---|---|---|
| KELLY S. GORMAN, | ) | |
| | ) | Adv. Proc. No.:  24-04038-tnap |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DISCOVER BANK, | ) | |
| NAVIENT SOLUTIONS, LLC, | ) | |
| NATIONAL COLLEGIATE STUDENT | ) | |
| LOAN TRUST 2007-3, | ) | |
| PNC BANK, NA, and | ) | |
| PENNSYLVANIA HIGHER EDUCATION | ) | |
| ASSISTANCE AGENCY d/b/a | ) | |
| AMERICAN EDUCATION SERVICES | ) | |
| | ) | |
| Defendants. | ) | |

# AGREED ORDER RESOLVING PLAINTIFF'S
# ADVERSARY COMPLAINT AGAINST NAVIENT

This cause comes before the Court upon the Plaintiff, Kelly S. Gorman (the "Plaintiff")'s, Complaint and the Answer thereto filed by Navient Solutions, LLC ("NSL"). Prior to the matter proceeding to trial on the merits, the Plaintiff and NSL have resolved the issues between them. The Court finding the resolution fair and equitable hereby ORDERS same.

IT IS THEREFORE ORDERED that:

1. The Plaintiff is indebted to NSL pursuant to the applicable terms of five (5) educational loan Promissory Notes ("Promissory Notes"), executed by the Plaintiff to obtain educational loans ("Student Loans"), with approximate balances, as of the filing of this adversary proceeding, as follows:

   a. one (1) educational loan initially disbursed on or about June 9, 2006, with a balance, including principal and interest, totaling $68,246.31;

   b. one (1) educational loan initially disbursed on or about November 8, 2006, with a balance, including principal and interest, totaling $87,308.88;

   c. one (1) educational loan initially disbursed on or about November 16, 2007, with a balance, including principal and interest, totaling $82,240.23;

   d. one (1) educational loan initially disbursed on or about August 15, 2008, with a balance, including principal and interest, totaling $49,986.74; and

   e. one (1) educational loan initially disbursed on or about August 31, 2009, with a balance, including principal and interest, totaling $11,282.79.

2. As of the filing of the instant adversary proceeding, there was a balance due and owing under the Plaintiff's Promissory Notes, including principal and interest, in the aggregate amount of approximately $299,064.95 ("Outstanding Balance"), with variable interest rates, and with interest accruing thereafter pursuant to the Promissory Notes.

3. The Outstanding Balance is currently due and owing on the Promissory Notes and the Student Loans evidenced by the Promissory Notes are nondischargeable educational loans, pursuant to 11 U.S.C. §523(a)(8).

4. For so long as the Plaintiff does not default under this Agreed Order, the Outstanding Balance shall be reduced to $81,000.00 ("Reduced Balance"), and the variable interest rates shall be reduced to a fixed rate of 0% ("Reduced Interest"), and the Plaintiff shall repay the Reduced Balance at the Reduced Interest rate as follows: $450.00 per month for a period of one hundred and eighty (180) consecutive months. The first monthly payment is due to be received by NSL on or before **October 22, 2025**, with subsequent payments to be received on or before the **twenty-second (22nd)** day of each month thereafter.

5. All payments pursuant to this Agreed Order shall note the Plaintiff's ten-digit account number, \*\*\*\*\*\*6770 (redacted here for privacy reasons) on the payment and shall be mailed to, "MOHELA Specialty Loan Servicing, PO Box 2509, Wilkes-Barre, PA 18706," or to any other address provided to the Plaintiff by NSL and/or MOHELA in writing.

6. The following shall be Events of Default hereunder: (a) the Plaintiff shall fail to make any payment due hereunder within thirty (30) days of the due date without securing NSL's or MOHELA's agreement to a forbearance of such payment(s); or (b) the Plaintiff commences any further legal proceedings against NSL, MOHELA, or their predecessors, successors or assigns, seeking to discharge debt.

7. Upon the occurrence of an Event of Default under this Agreed Order, any forgiveness of principal and interest is revoked, and the Plaintiff will be liable for the full amount of the Outstanding Balance, plus interest pursuant to the applicable terms of the Promissory Notes for the Plaintiff's Student Loans (less any payments made hereunder which, following default shall be applied first to interest that would have accrued had this Agreed Order not been in effect, and then to principal).

8. There is no penalty for prepayment under this Agreed Order but any prepayment, unless it is payment in full, does not relieve the Plaintiff of the obligation to make ongoing monthly payments.

9. In the event the Plaintiff, pursuant to applicable NSL and/or MOHELA policy and the terms of the Promissory Notes, qualifies for, or the parties agree to, any deferment or forbearance of payment obligations, after this Agreed Order is entered, interest will continue to accrue during the time of

any such deferment or forbearance, at the interest rate stated herein, so that the total amount to be repaid, and the monthly payments required, may increase from that stated herein.

10. Should any issues arise, related to billing or repayment of loans subject to this agreement, wherein the Plaintiff believes that billing or collection efforts related to loans subject to this agreement are not in accordance with this Agreed Order, the Plaintiff agrees that such issues should be directed to a Supervisor or Manager in NSL's Bankruptcy Litigation Unit (as of this writing, Ms. Petra Shipman), who may be reached at 1-800-251-4127, or to any other telephone number provided by NSL in writing, or in response to a specific borrower inquiry. The parties understand that any such communications, if not directed as specified in this Paragraph, may not be addressed in a timely manner, or in a manner specifically in accordance with this Agreed Order.

11. Except as provided in this Agreed Order, all other terms of the Promissory Notes remain in effect and are hereby incorporated by reference.

12. Any amendment, modification, or waiver of any term or condition of this Agreed Order must be made in writing and signed by all parties hereto.

13. This Agreed Order may be executed in counterparts, by electronic mail or by facsimile, each of which shall constitute an original, but all of which together shall constitute one and the same Agreed Order.

14. Navient Solutions, LLC is hereby DISMISSED as a defendant in the instant adversary proceeding, subject to the terms of this Agreed Order.

15. Pursuant to Rules 7008 and 7012(b) of the Federal Rules of Bankruptcy Procedure, the parties to this agreement consent to entry of final orders by the Bankruptcy Court.

IT IS SO ORDERED.

# # #

APPROVED:

By: /s/ Joshua Cohen - w/ email authorization  Dated: 9/15/2025
Joshua Cohen
Cohen Consumer Law, PLLC
PO Box 1040
St. Albans, VT 05478
802-380-8887
Fax : 860-233-0339
Email: jcohen@thestudentloanlawyer.com
Attorney for the Plaintiff

By: /s/ Terra L. Meek  Dated: 9/15/2025
Christopher P. Kennedy (OH Bar #0074648)
Terra L. Meek (KY Bar #90830)
Ulrich, Sassano, Deighton, Delaney & Higgins Co., L.P.A.
Chagrin Professional Plaza
24755 Chagrin Boulevard, Suite 200
Cleveland, OH 44122
Telephone: (216) 360-7200
Facsimile: (216) 360-7210
Email: bankruptcy@carlisle-law.com
Attorneys for Navient Solutions, LLC

cc:

Joshua Cohen, Attorney for Plaintiff, Kelly Shawn Gorman
    at jcohen@thestudentloanlawyer.com

Terra L. Meek, Attorney for Defendant, Navient Solutions, LLC
    at bankruptcy@carlisle-law.com

Bradley J. St. Angelo, Attorney for National Collegiate Student Loan Trust 2007-3
    at bstangelo@sessions.legal

Miles Gvozdenovic, Attorney for PNC Bank
    at mgvozdenovic@weltman.com